UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JEFFREY ALWINE,

         Plaintiff,                  Case No. 1:20-cv-718

v.                                       Honorable Janet T. Neff

UNKNOWN HUNKY et al.,

         Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.    Factual allegations

Plaintiff is presently incarcerated in the Cass County Jail. The events about which he complains appear to be unrelated to his stay in that facility. Plaintiff sues Three Rivers Police

Department Sergeant Unknown Hunky,[1] the St. Joseph County Jail, the St. Joseph County Sheriff's Department, and the Michigan Department of Corrections.

Plaintiff alleges that on July 28th, 2019, a person name Demetrious Love told Sergeant Hunky that he—Mr. Love—lived in an apartment with Plaintiff and Plaintiff's girlfriend. Plaintiff claims he had never even met Mr. Love at that time. When Sergeant Hunky arrived at Plaintiff's apartment with Mr. Love, Plaintiff and Plaintiff's girlfriend told Sergeant Hunky that they did not know Mr. Love. Sergeant Hunky allowed Mr. Love to enter the apartment anyway. Although Plaintiff never explains the circumstances, he does report that "Sergeant Hunky negligently arrested [Plaintiff]." (Compl., ECF No. 1, PageID.3.)

Whatever charges prompted Plaintiff's arrest, he states that they were dropped; however, that did not result in his release from the St. Joseph County Jail. Instead, he states he "was violated and sent to prison" (*id.*), apparently referencing a judicial determination that he had violated his parole from an earlier prison sentence and was returned to prison on the outstanding portion of that sentence. It appears that Plaintiff remained in prison with the MDOC until he was discharged on March 13, 2020. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?MdocNumber=692489 (visited Sept. 14, 2020). Plaintiff does not explain why he is presently incarcerated in the Cass County Jail.

Plaintiff claims his apartment was robbed and his girlfriend was assaulted, presumably by Mr. Love. He filed a police report, but no city or county officer met with Plaintiff about the report, and Plaintiff suggests they did not investigate the report.

---

[1] The Three Rivers Police Department facebook page identifies a Sergeant Karl Huhnke, who is presumably the Sergeant Hunky identified by Plaintiff in his complaint. *See* https://www.facebook.com/3riverspolice/ (visited Sept. 14, 2020). Nonetheless, the Court will use the spelling provided by Plaintiff.

Plaintiff seeks damages of $80,000.00 in lost wages, for wrongful incarceration, and for the loss of his apartment and its contents, plus costs and interest.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

3

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III.     The MDOC is immune

Plaintiff may not maintain a § 1983 action against the MDOC.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment.  *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010).  In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771.  Accordingly, Plaintiff has failed to state a claim against the MDOC.

### IV.     The St. Joseph County Jail and the St. Joseph County Sheriff's Department

Plaintiff sues the St. Joseph County Jail. But, the jail is a building, not an entity capable of being sued in its own right.  *See, e.g., Watson v. Gill*, 40 App'x 88, 89 (6th Cir. 2002)

("The . . . Jail is not a legal entity susceptible to suit. . . . [T]he . . . Jail is a department of the county, the county is the appropriate party. . . ."). Accordingly, Plaintiff has failed to state a claim against the St. Joseph County Jail and Plaintiff's complaint against the jail will be dismissed. Nonetheless, construing Plaintiff's pro se complaint with all required liberality, *Haines*, 404 U.S. at 520, the court assumes that Plaintiff intended to sue St. Joseph County.

Similarly, Plaintiff sues the St. Joseph County Sheriff's Department. Sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Vine v. Cnty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citations omitted). The Sherriff's Department is simply an agency of the County. *Vine*, 884 F. Supp. At 1158. Accordingly, Plaintiff has failed to state a claim against the St. Joseph County Sheriff's Department and Plaintiff's complaint against the sheriff's department will be dismissed. Again, however, the Court will liberally construe Plaintiff's allegations and assume that Plaintiff intended to sue St. Joseph County. The Court directs the Clerk to add St. Joseph County as a defendant.

Plaintiff's allegations also fail to state a claim against St. Joseph County. Regardless of the form of relief sought, a county is liable under § 1983 only when its official policy or custom causes the injury. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 32-33 (2010) (citing *Monell v. Dep't. of Soc. Servs*., 436 U.S. 658, 694 (1978)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of

that policy.  *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Claiborne Cnty.*, 103 F.3d at 508-509.

Plaintiff's claim against St. Joseph County fails at this first step because his allegations have not identified a policy or custom.  A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff.  *Monell*, 436 U.S. at 690.  Plaintiff has not asserted that there is an official policy.

Plaintiff also has not identified a custom.  The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law.  In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy.  It must reflect a course of action deliberately chosen from among various alternatives.  In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted).  Plaintiff has not asserted that the actions taken by Defendant Hunkey or the subsequent failures to respond to Plaintiff's complaints were taken pursuant to a county custom.

Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate.  *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation).  Therefore, the Court will dismiss Plaintiff's complaint against St. Joseph County because he has failed to state a claim upon which relief may be granted.

## V.     Defendant Sergeant Hunky

The Fourth Amendment provides: "The right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures, shall not be

violated . . . ." U.S. Const. amend IV. Plaintiff claims that his arrest by Sergeant Hunky was unreasonable; specifically, Plaintiff alleges that he was arrested without just cause and negligently.

The Sixth Circuit recently explained what a plaintiff must show to prevail on such a claim:

> To prevail on a false arrest claim under § 1983, "a plaintiff [must] prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). An arrest is supported by the requisite probable cause when, at the time of that arrest, "the facts and circumstances within [the officer's] knowledge and of which [she] had reasonably trustworthy information [are] sufficient to warrant a prudent man in believing that the [plaintiff] had committed or was committing an offense." *Wesley*, 779 F.3d at 429 (alterations in original) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). A showing of "probable cause provides a complete defense to a claim of false arrest." *Halasah v. City of Kirtland*, 574 F. App'x 624, 629 (6th Cir. 2014).

*Tlapanco v. Elges*, 969 F.3d 638, 652 (6th Cir. 2020). The allegations in Plaintiff's complaint do not touch upon the circumstances of Plaintiff's arrest at all. Plaintiff does not even describe the events that led to his arrest or the charges. He says nothing more than "I was arrested without just cause" and "Sergeant Hunky negligently arrested me." (Compl., ECF No. 1, PageID.3.)

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff has given the Court nothing but labels and conclusions. He has failed to allege any facts that support an inference that his arrest was negligent, without just cause, or unreasonable. His allegations are insufficient to state a claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   September 21, 2020                             /s/ Janet T. Neff
                                                        Janet T. Neff
                                                        United States District Judge